to the extinguishment of the contested demand, and then sue for the undisputed residue as the balance due him. By receiving the payment on the general account, and pursuing his action to recover beyond it, the case is open to the defendants to prove the amount paid justly extinguishes all they are legally liable to pay.

In my opinion, the defendants are entitled to compensation, by way of recoupment against the demand of the libellant, for any damage or deterioration of the hides incurred on the voyage. A reference must be had to ascertain that damage.

---

CROSBY (HARDING v.). See Case No. 6,-050.

---

## Case No. 3,423.

### CROSBY et al. v. LANE.

[4 Am. Law J. (N. S.) 333; 14 Law Rep. 452.]

District Court, S. D. New York. Oct. Term, 1851.

#### PROMISSORY NOTE—WHEN PAYMENT.

1. Held, that, by the commercial law, a negotiable promissory note, received in payment of a pre-existing debt, bona fide, and without notice, is not subject, in the hands of the holder, to the equities between the original parties, although it be an accommodation note, though the rule in the state of New York be otherwise.

2. But held, that the acceptance of such note as payment, on the express assurance of the assignor that it was business paper, and not accommodation, does not amount to a payment and extinguishment of the original indebtment.

3. Held, also, that a representation made by the assignee, at the time of transferring the note, that the parties were of high credit and responsibility, those parties not being residents of the state, and being unknown to the creditor, if found to be not true in point of fact, and circumstances indicating a knowledge of the debtor, that their credit and responsibility were doubtful, receiving the note on such representation does not extinguish the original debt.

4. Held, that the creditor, on returning the note protested for non-payment, or dishonored, or offering it to the assignor in court on trial, may maintain an action on the original debt.

[Nowhere more fully reported; opinion not now accessible.]

---

## Case No. 3,424.

### CROSBY v. LAPOURAILLE et al.

[Taney, 374.] [1]

Circuit Court, D. Maryland. Nov. Term, 1854.

#### PATENTABILITY OF COMBINATION.

A combination in machinery is patentable, if the combination be new, although the elements which compose it may be old, provided it was invented by the patentee, and is not the mere effort of ordinary mechanical skill, putting together known powers and combinations to produce the result.

---

[1] [Reported by James Mason Campbell, Esq., and here reprinted by permission.]

In equity. The object of the bill filed in this case was, to restrain the defendants [A. P. Lapouraille and William H. Maughline], by injunction, from an alleged infringement of a patent for a saw-mill [granted to N. & Pearson Crosby, March 27, 1835]. The case was submitted and argued upon bill and answer. The facts sufficiently appear from the opinion of the court.

The issues of fact were not tried by a jury, and at November term, 1856, the bill was dismissed with costs [not reported].

Schley & Latrobe, for complainant.
Wm. H. Young, for defendants.

TANEY, Circuit Justice. This case has been submitted for final hearing upon bill and answer and general replication. The object of the bill is, to enjoin the respondents, perpetually, from using a certain machine for sawing lumber, which is particularly described in the answer, upon the ground that the machine, as thus described and admitted to be used, is an infringement of a patent granted to the complainant for a machine of the like character. The patent, under which he claims, is exhibited with the bill. The oral argument in court, as well as the written arguments since presented, have been chiefly directed to the construction of the patent of the complainant, and the extent of the claim made in it. Upon this point, the court is of opinion:

1. That the patent is for a combination; and undoubtedly, it is patentable, if the combination is new, although the elements which compose it may be old, provided it was invented by the complainant, and is not the mere effort of ordinary mechanical skill, putting together known powers and combinations to produce the result.

2. The patent of the complainant covers the saw, as described in his specification, in combination with the framework, and any saw hung and strained in a manner substantially the same; but it does not cover a combination in which a saw may be combined with the framework, and hung and strained in a manner substantially different from that described in his specification. In other words, it does not cover every combination in which a saw acts perpendicularly, and produces the prescribed result upon lumber pressed against it, in the manner set forth in the patent and specification. The saw used must be hung and strained substantially in the manner described, in order to be covered by the patent.

The second part of the claim, is for the particular manner of hanging and straining the saw by the combination of three stirrups at the end. This claim covers a saw of this description, although the other machinery combined with it may be entirely different from that described in the specification of the complainant. The dispute in this case, however, is not upon the second branch of